UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEDSCHROEF DETROIT
CORPORATION,
NEDSCHROEF HERENTALS
N.V., and KONINKLIJKE
NEDSCHROEF HOLDING
B.V.,

        Plaintiffs,

v.                              Civil Case No. 14-10095
                               Honorable Linda V. Parker

BEMAS ENTERPRISES LLC,
MARC A. RIGOLE, and
BERNARD E. LEPAGE,

        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DAMAGES

On May 22, 2015, this Court issued an opinion and order granting a summary judgment motion filed by Plaintiffs. In that decision, the Court concluded that Plaintiffs are entitled to a permanent injunction and damages representing (a) the wages Plaintiff Nedschroef Detroit Corporation (hereafter "Nedschroef") paid Defendants Marc A. Rigole and Bernard E. LePage while they were operating a competing business, Bemas Enterprises LLC ("Bemas"), and (b) Bemas' net profits. The Court also concluded that Plaintiffs are entitled to

attorney's fees, costs, and treble damages pursuant to Plaintiffs' statutory conversion claim, Mich. Comp. Laws § 600.2919a.

When Plaintiffs filed their summary judgment motion, Bemas' net profits for 2014 had not yet been established due to Defendants' failure to provide Plaintiffs with certain documentation. Therefore, the Court ordered Defendants to provide that documentation to Plaintiffs within twenty-one days of its decision and instructed that Plaintiffs could then file a motion seeking damages for the additional profits. (*See* ECF No. 43 at Pg ID 903-04, n.4) The Court further advised Plaintiffs to submit, at that time, proof of their reasonable attorney's fees and costs incurred in this action. (*Id*. at Pg ID 903 n.3.) Defendants had fourteen days to file any response to Plaintiffs' motion. (*Id*. at Pg ID 904.)

On June 26, 2015, Plaintiffs filed a Motion for Damages in which they set forth Bemas' profits for 2014. (ECF No. 46.) Defendants have not filed a response to the motion. In their motion, Plaintiffs also indicate that they have expended $171,287.50 in attorney's fees and $47,209.00 in costs in pursuit of this action. (*Id*. at Pg ID 915.) In support of these amounts, Plaintiffs submit an affidavit from their counsel which sets forth the billable rates of the attorneys who worked on this matter ($195 and $290) and the total fees and costs expended and billed to Plaintiffs. (*Id*., Ex. 2.) Neither Plaintiffs nor their counsel have advised

the Court of the number of hours expended by counsel in this action. The Court also has not received a description of the work performed.

The Court concludes that Plaintiffs are entitled to the total economic damages sought in their motion, $1,211,045.00. After trebling, this amount totals $3,633,135.00. Plaintiffs also are entitled to an award that includes their costs of $47,209.18. Plaintiffs, however, have failed to provide sufficient information from which the Court can determine whether the attorney's fees sought are *reasonable*.

Michigan's conversion statute only allows for an award of "*reasonable* attorneys' fees." Mich. Comp. Laws § 600.2919a(1). Generally, "the starting point [for determining the reasonable amount of attorney's fees] has been a 'lodestar' calculation-- the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Moore v. Freeman*, 355 F.3d 557, 565 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). Plaintiffs' failure to provide a summary of the hours their counsel expended on this matter, including a brief description of that work, prevents this Court from engaging in that calculation.

Accordingly, the Court is **GRANTING IN PART AND DENYING IN PART** Plaintiffs' Motion for Damages. The Court will enter a judgment consistent with this decision. If Plaintiffs wish to submit additional materials in support of

their requested attorney's fee award, they may do so and the Court will enter an amended judgment if it determines that Plaintiffs are entitled to such an award.

    **SO ORDERED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: October 7, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 7, 2015, by electronic and/or U.S. First Class mail.

                                          s/ Richard Loury
                                          Case Manager